GILBERT D. HEDDEN, PLAINTIFF, v. THE GEORGE G. SALMON COMPANY, A CORPORATION, DEFENDANT.

Submitted June term, 1923—Decided December 27, 1923.

**Negligence—Motor Vehicle Collision—Automobile Struck by Motor Truck at Intersection of Streets—New Trial Ordered on Ground that Verdict was Against Clear Weight of evidence.**

On defendant's rule to show cause.

Before Justices KALISCH and KATZENBACH. .

For the rule, *Kalisch & Kalisch* (*Isidor Kalisch* on the brief).

*Contra, Peck, Davis & Gray.*

. PER CURIAM.

There was a verdict rendered by a jury in this case in the Essex Circuit in favor of the plaintiff and against the defendant for $700. The defendant seeks a new trial upon the ground that the verdict was against the clear weight of the evidence. There was a collision on Centre street, South Orange, between the plaintiff's automobile and the defendant's motor truck. The collision occurred on January 31st, 1921, at about six-thirty o'clock in the evening, at the intersection of Centre street and Hamilton road, both of which streets are much traveled thoroughfares. Montrose avenue is a continuation of Hamilton avenue from the intersection above stated. The plaintiff was driving his automobile south on Centre street, and in testifying as to how the accident happened said: "As I approached the crossing—I was driving a new car—well, it was a second-hand car that I had about three days I think—and about three hundred feet before I got to the crossing I glanced at the speedometer and noticed that I was going about

twenty-five miles an hour. * * * As I got to the crossing I glanced to the left, saw nothing, looked to the right, didn't see anything there, proceeded on to go across the intersection of the two roads. As I was exactly in the center of the crossing something hit me directly from the left. I found out afterwards that it was Salmon's coal truck. The impact of the truck was directly in the center of the left-hand door, right at my shoulder as I was driving." The witness also testified that at the time his automobile was hit he was going at a speed of eighteen to twenty miles an hour. The witness subsequently modified his testimony by saying that the only observation he made to ascertain whether there was any approaching automobile on Hamilton road was when he was seventy-five feet from the intersecting crossing, and that it was then that he glanced to the left and looked to the right and did not look again, and that he did not give any warning of his approach to the crossing by blowing a horn or otherwise; that when he made his observation that he could see down Hamilton road one hundred feet. The learned judge in his charge to the jury remarked: "The plaintiff says you will recall—and I am going to quote his words because it seems to me they are important—that he made an observation when he was about seventy-five feet from Montrose avenue and that he did not look again until the collision occurred, and the way he looked was, as he says, 'I glanced to the left and looked to the right.' A person cannot glance; that is not a compliance with the rule I have mentioned unless glancing means looking, and I do not know why he used the word 'looking' in the one case, 'glancing' in the other. I 'glanced to the left and looked to the right and saw nothing.' "

On behalf of the defendant there was testimony that the truck had lights upon it and was being operated at about six miles an hour, and that upon its approach to the Centre street crossing the driver blew a horn and that the front of the truck had reached Centre street and had made a turn to the left when there was an impact with something passing the truck on the right which threw the driver from his truck into the street.

There is a lack of probability in the plaintiff's version of the facts leading up to the collision. For if it be true as he asserts that at the time while his automobile was running at a speed of twenty-five miles an hour, which speed was reduced to between eighteen and twenty miles as he neared the crossing, and when he was within seventy-five feet of the place of collision he glanced down Hamilton road and could see a distance of one hundred feet and saw no auto truck, then it follows that the auto truck must have proceeded more than one hundred feet while the automobile went seventy-five feet, in order to have hit the automobile at the place where the plaintiff asserts it was struck. Now, if that were the case, the heavy auto truck, running at a greater speed than the lighter automobile, it needs no stretch of imagination to conceive that a collision between the two vehicles under such circumstances would have had a more disastrous result to the lighter vehicle than appears.

Taking this feature of the plaintiff's case in conjunction with the version of how the accident happened, as detailed by defendant's witnesses, it seems to us that the verdict is so clearly against the weight of the credible evidence as to warrant a setting aside of the verdict and ordering a new trial.